1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GORDON D. MEADOR,                          No.  2:15-cv-2378 KJN PC

12                  Plaintiff,

13        v.                                    ORDER

14   UNKNOWN,

15                  Defendants.

16

17        Plaintiff is a state prisoner, currently incarcerated at California State Prison-Sacramento in

18   Represa, California ("CSP-SAC"), who is proceeding pro se in this civil rights action.

19        Plaintiff has filed a motion for a temporary restraining order (ECF No. 1), but has failed

20   both to file a complaint, and to either pay the applicable filing fee or file an application to proceed

21   in forma pauperis.

22        Plaintiff is informed that, in order to commence an action, he must file a complaint as

23   required by Rule 3 of the Federal Rules of Civil Procedure.[1]  He must also either pay the required

24   filing fee or file an application requesting leave to proceed in forma pauperis.  See 28 U.S.C.

25   §§ 1914(a), 1915(a).  The court will not issue any orders granting or denying relief until an action

26   is properly commenced.  Therefore, a ruling on plaintiff's motion for a temporary restraining

27   _____

[1] Local Rule 231(c)(1) also requires that a complaint be on file before the court will hear a

28   temporary restraining order.

1

order will be stayed until such time as (i) plaintiff files a complaint **and** (ii) either pays the required filing fee of $350.00 plus the $50.00 administrative fee or submits a properly-completed application to proceed in forma pauperis.[2]

Out of an abundance of caution, the court will briefly consider plaintiff's motion for a temporary restraining order.  Plaintiff seeks an order compelling his return to the medical facility at Salinas Valley State Prison ("SVSP").  Plaintiff alleges that he has been subjected to retaliatory conduct since his recent settlement of a pro se civil rights action filed in this judicial district against three correctional officers at CSP-SAC.  See *Meador v. Hammer*, No. 11-cv-03342 KJM AC (E.D. Cal.).  According to plaintiff, he was transferred to CSP-SAC from SVSP solely for the purposes of attending a settlement conference on November 5, 2015, but has not been returned to SVSP.  Since his arrival at CSP-SAC, plaintiff alleges that the following has occurred:

- Plaintiff has been housed in an Administrative Segregation unit for psychiatric patients, despite the fact that he does not suffer from mental illness and is classified as a general population inmate.  (ECF No. 3 at 1.)
- Plaintiff is wheelchair-bound, and his current housing is not wheelchair-accessible.  (Id. at 2.)
- When plaintiff attempted to raise these concerns with correctional staff, Correctional Officer Bonilla laughed at him and stated, "We look out for our own," and two other unidentified Correctional Officers told plaintiff that he was "in good hands, the ones you sued send their regards."  (Id. at 2.)
- An unidentified individual told plaintiff that he would be kept in the psychiatric services unit at CSP-SAC for as long as "they" could keep him "locked up" there.  (Id. at 2.)
- Plaintiff suffers from diabetes, a liver condition, asthma, and spinal damage, and is not receiving required treatment for these conditions.  (Id. at 2-3.)

---

[2]  If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.  Litigants proceeding in forma pauperis are not required to pay the $50.00 administrative fee.

- Plaintiff has yet to appear before the CSP-SAC Institutional Classification Committee. (Id. at 3.)

The court is sufficiently concerned about these allegations that it will ask the California Department of Justice to look into the matter and report back regarding the circumstances surrounding plaintiff's housing assignment at CSP-SAC.  It may be that this matter can be resolved informally without the need for further litigation.

III.  Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff shall, within thirty days from the date of this order, file a complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  Plaintiff's failure to comply with this order may result in the dismissal of this action.

2.  The Clerk of the Court is directed to send plaintiff the form for filing a civil rights action pursuant to 42 U.S.C. § 1983

3.  Plaintiff shall submit, within thirty days from the date of this order, a properly-completed affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the required fees in the amount of $400.00.  Plaintiff's failure to comply with this order may result in the dismissal of this action.

4.  The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner.

5.  The Clerk of the Court is directed to serve copies of this Order and plaintiff's motion for a temporary restraining order (ECF No. 1) on Monica Anderson, Supervising Deputy Attorney General, California Department of Justice.  Deputy Attorney General Anderson, in turn, is requested to provide the undersigned with a status report in no less than fourteen days regarding

////

////

////

////

3

1 plaintiff's assignment to California State Prison-Sacramento, placement (if any) in segregated

2 housing, and physical and mental health classification and status.

3 Dated:  11/20/15

4

5

KENDALL J. NEWMAN
6 UNITED STATES MAGISTRATE JUDGE

7 mead.nocompl+3a+input

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4